Dear Mr. Dupuis:
Reference is made to your request for an opinion of this office regarding whether or not state law would allow the Lafayette City-Parish Consolidated Government to fund various entities and organizations that have requested funding during FY 2001-2002. In this regard, you have attached a resolution of the City-Parish, which includes a list of 24 entities and a brief description of the purpose of the funding to each entity. All of the entities and organizations on the list appear to be private, as opposed to public entities.
Your letter also refers to La. Const. Art. VII, Sec. 14, paragraph (A) of which generally prohibits the loan, pledge or donation of public funds and property by the state and its political subdivisions. Exceptions to this prohibition are found in Paragraph (B), all of which, with one exception, are inapplicable to the issues at hand. In the case of some the entities included on the City-Parish's list, the exception found in paragraph (B)(1) is no doubt applicable. Specifically, that exception provides that the general prohibition of La. Const. Art. VII, Sec. 14(A) does not prevent "the use of public funds for programs of social welfare for the aid and support of the needy".
Also applicable is Paragraph (C) of La. Const. Art. VII, Section 14, which authorizes public entities to engage in cooperative endeavors, for a public purpose, with other governmental agencies, public or private corporations, or individuals. However, Paragraph (C) supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional prohibition. The Louisiana Supreme Court has ruled that all cooperative endeavors authorized by Section 14(C), must also meet the general standard for the non-gratuitous alienation of public funds or property established by Section 14(A). See City of Port Allen v. La. Risk Management, et al,439 So.2d 399, (La. 1983). See also: Attorney General's Opinion No. 93-787.
Despite the authorization of cooperative endeavors, Section 14(A) is nevertheless violated whenever the State seeks to give up something of value in the absence of a legal obligation to do so. In other words, only if the use of public funds or property is authorized by a valid legal obligation, will it be considered a constitutionally sanctioned cooperative endeavor. The requirement of a legal obligation to expend public funds or use public property is the threshold, but not the only predicate for the constitutionality of the expenditure or use. The expenditure or use must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General Opinion Nos. 92-722 and 90-651.
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. In James v. RapidesParish Police Jury, 113 So.2d 88 (La.App. 2nd cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A). Therein, the court stated:
 "These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public funds by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but important government functions." 113 So.2d at p. 93.
In examining the list of entities submitted by the City-Parish, we note that the proposed funding to at least some of the entities in question appears to be for the purpose of aiding the needy. By way of example, funding to the Bayou Girl Scout Council is listed as being for a program in low-income recreation centers and middle schools, and funding to the Salvation Army will be used to feed the hungry and the homeless. Other entities on the list, such as Faith House, also appear to provide services to the needy. Of course, the determination as to whether a particular entity included on the City-Parish Council's list serves the needy should be made by the City-Parish itself, as its officers and employees are in the best position to make such a determination.
In light of La. Const. Art, VII, Sec. 14(B)(1), funding for those entities that serve the needy is constitutionally permissible, as long as public funds are only utilized to provide relief or assistance to those who can be classified as "needy", and as long as those assisted with public funds are screened, pursuant to objective criteria, to insure that they are truly needy. See: Attorney General's Opinions No. 98-475, 94-157, 92-542. If the City-Parish does decide to appropriate funds to entities on behalf of the needy, we recommend that the City-Parish and each such entity enter into a written cooperative agreement in order to address the use of the funds in a constitutional and legal manner. See: Attorney General's Opinion No. 93-787. Although it is not our opinion that every cooperative endeavor must be reduced to writing, an agreement committed to writing is clear to those who read it, and is subject to less misunderstanding.
With regard to entities that do not provide services to the needy, we are unaware of any provision of law that would obligate the use of public funds for the endowment of any entity, despite its laudatory mission. As previously noted, the worthiness of the contemplated use of public funds is immaterial to the constitutionally of the transfer of public funds.James v. Rapides Parish Police Jury, supra. In our opinion, if the transfer of funds to any of the listed entities were in the nature of an endowment or gift, then such transfer would constitute a donation, in violation of La. Const. Art. VII, Sec. 14. In accord: Attorney General's Opinion No. 95-211. On the other hand, if any of the entities or organizations referred to in your letter provides a service that would otherwise have to be provided by the Parish, then the provision of funding to that entity or organization would be in the nature of a constitutionally sanctioned cooperative endeavor.
With regard to cooperative endeavors, we call your attention to the Supreme Court's decision in Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1990). Therein, a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be "given and accepted `under authority of the constitution and laws of this state' in furtherance of a governmental purpose", as opposed to a donation. The Court concluded that the funds were "transferred in the discharge of the Federation's constitutional or legal duties", and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties". I am also enclosing herewith a copy of Attorney General's Opinion No. 93-787, made a part hereof by reference, which opinion was addressed to the Lafayette City Attorney's office in 1993. Opinion No. 93-787 goes into some detail about cooperative endeavors, and the factors that must be present if such arrangements are to be constitutionally sanctioned.
Since this office is not a finder of fact, we are not in a position to advise you as to which, if any, of the entities on the City-Parish Council's list can or should receive funding. We have however, endeavored herein to provide the Lafayette City-Parish with our opinion as to applicable law. The City-Parish Council must ultimately determine whether each entity provides governmental services to or on behalf of the City-Parish such that the entity deserves funding from the City-Parish. We hope that this opinion serves to provide guidance in that regard.
Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________ JEANNE-MARIE ZERINGUE BARHAM
RPI/JMZB/dam
OPINION NUMBER 93-787
January 7, 1994
90-A-2 PUBLIC FUNDS — Loans, Pledge or Grants La. Const. Art. VII, Sec. 14
General discussion of cooperative endeavors and the factors which must be present for the City of Lafayette's contracts with "external agencies" to be constitutionally sanctioned.
Mr. Michael D. Hebert Assistant City Attorney 600 Jefferson Street, Box 52 Suite 504 Lafayette, Louisiana 70501